J. P. DAVIE v. LYNCH & BLAKELEY.

(No. 211, Tex. L. J., vol. 1, p. 323.)

APPEAL from Galveston County. Opinion by ECTOR, P. J.

§ 695. *Auctioneers; liability on warranty of title.* Lynch & Blakeley, as auctioneers, sold two mules at

public auction to Davie, and at the time of sale did not disclose the name of the person to whom the mules belonged, and Davie did not know by whom they were claimed nor on whose account sold. Afterwards one Hubbard sued and recovered judgment against Davie for the value of said mules, which judgment Davie paid, and then brought this suit against Lynch & Blakeley on their implied warranty of title. *Held*, that auctioneers in possession of personal property, who sell and deliver the same without disclosing the name of the principal, are liable on an implied warranty of title. In Mills v. Hunt, 20 Wend. 434, it is said: "At this day it must be considered as well settled that a vendor or purchaser dealing in his own name, without disclosing the name of his principal, is personally bound by his contract; and it makes no difference that he is known to be an auctioneer or broker who is usually employed in selling property as the agent for others. Even where he discloses the name of his principal, if he signs a written contract in his own name merely, which contract does not upon its face show that he was acting as the agent of another, or in an official capacity in behalf of the government, he will be personally bound thereby." Judge Story, in his work on Agency, § 27, recognizes the same principle. Parol evidence will not be admitted to contradict a bill of sale signed by them, and show that they did not sell as principals or intend to hold themselves responsible as such. [Story on Agency, §§ 269, 270; Sydnor v. Hurd, 8 Tex. 101.] The liability of agents who contract in their own name, or who do not disclose the name of their principal, is fixed by law, and cannot be altered by local custom.

§ 696. *Usage of trade.* Evidence of usage is never admissible to oppose or alter a general principle or rule of law, so as, upon a given state of facts, to make the legal rights and liabilities of the parties other than they are by law. [2 Tenn. 327; 19 Wend. 252; 6 Met. (Mass.) 393; 6 Pick. 131; 6 Binn. (Pa.) 416.] With respect to a usage of trade, however, it is sufficient if it appears to be

known, certain, uniform, reasonable, and not contrary to law. [3 Wash. C. C. 150; 8 Pick. 360.] With respect to usage of trade which is not contrary to law, if not directly known to the parties to the transaction, it will be binding upon them if it appear to be so general and well established that knowledge of it may be presumed. [1 Caines (N. Y.), 43; 4 Stark. 452.]

March 27, 1878.          Reversed and remanded.